IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00165-BNB

BYRON KYLE GAY,

    Applicant,

v.

LOU ARCHULETA, Warden, FCF, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Byron Kyle Gay, is a prisoner in the custody of the Colorado Department of Corrections at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Gay initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) (the "Application") challenging the validity of his criminal conviction in Denver District Court case number 09CR269.  Mr. Gay asserts two claims for relief in the Application, although the first claim includes four subparts.

    On February 18, 2014, Mr. Gay filed a "Motion to Amend Original § 2254 Habeas Corpus Filed January 21, 2014, Pursuant to Federal Rules of Civil Procedure 15(c)" (ECF No. 9).  Mr. Gay seeks permission to amend the Application to add nine claims alleging ineffective assistance of counsel.  Mr. Gay concedes that he has not exhausted state remedies for the nine ineffective assistance claims.  Therefore, he also asks the Court to stay this action and hold it in abeyance while he exhausts state court remedies. Alternatively, Mr. Gay asks the Court to dismiss the action without prejudice so that he

may exhaust his unexhausted claims in state court and, after exhaustion, file a new action in federal court.  The motion to amend will be granted so that Mr. Gay may pursue in one action all of the claims he seeks to raise.  The additional request for a stay and abeyance will be denied.  Instead, the Court will dismiss the action without prejudice for failure to exhaust state court remedies.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  Even if state remedies properly have been exhausted as to one or more of the claims presented, a habeas corpus application is subject to dismissal as a mixed petition unless state court remedies have been exhausted for all of the claims raised.  *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995).

As noted above, Mr. Gay concedes that he has not exhausted state remedies with respect to his ineffective assistance of counsel claims, but he seeks to avoid dismissal of this action by requesting a stay and abeyance.  Whether to grant a stay and abeyance when an applicant has failed to exhaust state remedies for a particular claim is a matter of district court discretion.  *See Rhines v. Weber*, 544 U.S. 269 (2005).  However, "stay and abeyance should be available only in limited circumstances."  *Id.* at 277.  A motion for a stay may be granted only if:  (1) the applicant has good cause for his failure to exhaust his claims first in state court, (2) the unexhausted claims potentially are meritorious, and (3) there is no indication that the applicant has engaged

in intentionally dilatory litigation tactics.  *Id.* at 277-78.

Mr. Gay fails to demonstrate good cause for his failure to exhaust state remedies prior to filing this action.  He does allege that counsel would not raise the ineffective assistance claims on direct appeal.  However, "[i]n light of the considerations potentially involved in determining ineffective assistance, defendants have regularly been discouraged from attempting to litigate their counsel's effectiveness on direct appeal." *Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003).  As a result, counsel's refusal to raise the ineffective assistance of counsel claims on direct appeal does not establish good cause for failing to raise those claims in state court postconviction proceedings prior to filing this action.  *See id.* (noting that Colorado statutes and rules, including Crim. P. 35(c), "provide a criminal defendant with an adequate opportunity to develop the required record to establish ineffective assistance").

Mr. Gay also fails to demonstrate the ineffective assistance of counsel claims are meritorious because he does not provide in the motion to amend specific factual allegations in support of those claims.

For these reasons, the request for a stay will be denied.  However, the Court will grant Mr. Gay's alternative request to dismiss this action without prejudice.  If Mr. Gay wishes to pursue any federal constitutional claims in a federal habeas corpus action after exhausting state remedies, he must file a new action.  Mr. Gay is advised to pursue his claims in a diligent manner because the one-year limitation period in 28 U.S.C. § 2244(d) will apply to any federal habeas corpus action he may file and the time during which this action was pending will not toll the one-year limitation period with respect to any new habeas corpus action.  *See Duncan v. Walker*, 533 U.S. 167, 181-

82 (2001).

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the "Motion to Amend Original § 2254 Habeas Corpus Filed January 21, 2014, Pursuant to Federal Rules of Civil Procedure 15(c)" (ECF No. 9) is granted to the extent Mr. Gay seeks to amend the Application to add claims that counsel was ineffective.  It is

FURTHER ORDERED that Mr. Gay's request for a stay and abeyance is denied and his alternative request to dismiss the action without prejudice is granted.  It is

FURTHER ORDERED that the Application (ECF No. 1), as amended, is denied and the action is dismissed without prejudice for failure to exhaust state court remedies.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   24th   day of   February  , 2014.

BY THE COURT:


　　s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court